The MERCHANTS' EXCHANGE NATIONAL BANK, of the City of New York, Respondent, *v.* ABRAHAM WAITZFELDER, impleaded with MAX L. RAU and SOLOMON L. WAITZFELDER, Appellant.

*Code of Procedure, § 375—enforcement of judgment against party not served— effect of assignment pending.*

In a proceeding under section 375 of the Code, to bring in and have judgment against a joint debtor, made a party to but not served with process in the original action, it appeared that pending the proceeding the judgment had been assigned by the plaintiff to one Mack. *Held,* that the fact of the assignment constituted no defense ; that the assignee might by motion have been brought in as plaintiff, or that he might continue the proceeding in the name of the original plaintiff.

APPEAL from judgment in favor of the plaintiff, entered on a verdict directed by the court at circuit.

This is a proceeding under § 375 of the former Code of Procedure, requiring the appellant, Abraham Waitzfelder, to show cause why he should not be bound by a judgment for $2,834.16, rendered in the original action in favor of the plaintiff against Solomon L. Waitzfelder & Co., of which firm the appellant was a partner, on the 6th day of January, 1876.

The original action was commenced December 13th, 1875, against Max L. Rau, as maker of a promissory note, and Solomon L. Waitzfelder and Abraham Waitzfelder, composing the firm of S. L. Waitzfelder & Co., as indorsers of said note.

The defendant, Abraham Waitzfelder, was not served with the summons in the original action. On the 4th day of April, 1876, the defendant, Abraham Waitzfelder, was summoned to show cause why he should not be bound by the judgment under § 375 of the Code.

Upon the trial the plaintiff put in evidence the original judgment roll, and gave due proof of the protest of the note and notice to the appellant. The appellant proved that on the 20th day of April, 1876, after the recovery of the original judgment, and after the commencement of this proceeding, *i. e.*, after the service upon the appellant of the summons to show cause under § 375 of the Code, the plaintiff assigned to Isaac Mack the original judgment recovered against Max L. Rau, the maker of the note.

Upon this proof the defendant's counsel moved to dismiss the complaint, and to direct a verdict for the appellant, Abraham Waitzfelder. The motion was denied and the defendant's counsel excepted. And the court thereupon, upon motion of plaintiff's counsel, directed a verdict for the plaintiff for the amount of the original judgment, and interest.

*Hudson & Strauss*, for the appellant. The plaintiff assigned its judgment against the maker of the note, Max L. Rau, and thereby released him from all liability to it. The holder of a promissory note cannot discharge or release the maker and reserve his right of action against the indorsers. (*Farmers' Bank* v. *Blair*, 44 Barb., 641; *Boyd* v. *McDonough*, 39 How. Pr., 389; Daniel on

Negotiable Instruments, § 1306; *Lynch* v. *Reynolds*, 16 Johns., 41; *Brown* v. *Williams*, 4 Wend., 360; *Mottram* v. *Mills*, 2 Sand., 189; *Thurber* v. *Jenkins*, 36 How. Pr., 66; Edwards on Bills, 291; *Boyd* v. *Finnegan*, 3 Daly, 222; *Boyd* v. *McDonough*, 39 How. Pr., 389; *Lewis* v. *Palmer*, 28 N. Y., 271; *Ellsworth* v. *Lockwood*, 42 id., 89, 98.)

*M. L. Townsend*, for the respondent.

DAVIS, P. J.:

This is a proceeding under section 375 of the Code of Procedure to bring in and have judgment against a joint debtor, made a party to the original action but not served with process. Pending the proceeding the respondents sold and assigned the original judgment to one Isaac Mack. Upon proving which fact, the appellant claimed that the proceedings in the court below should be dismissed and judgment entered in his favor.

The fact of such an assignment constituted no defence. It did not destroy the judgment or the claim on which it was founded as against this defendant. It was simply a transfer of ownership. The assignee might properly have been brought in by motion, as plaintiff or he could continue the action in the name of the original plaintiff. The latter course was pursued but no prejudice results either to the assignor of the judgment or to the defendant in any form by that fact.

We see no error in the proceedings and nothing upon which this appeal can be sustained.

The judgment should be affirmed with costs.

BRADY and INGALLS, J.J., concurred.

Judgment affirmed with costs.